## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "Agreement") is executed as of May _13_, 2011, and is made by and between HECTOR PEROZA ("Peroza"), both on his own behalf and on behalf of his company, M.J.I. CONTRACTOR, INC. ("MJI"), and CENTRAL FLORIDA CABLE COMMUNICATIONS, INC. ("CFCC"), DONALD J. GAULT and KEVIN F. GAULT (collectively, the "Defendants").

### RECITALS

**A.** Peroza filed a Complaint styled <u>Hector Peroza vs. Central Florida Cable Communications, Inc., et al.</u>, Case Number: 6:11-cv-389-Orl-35-KRS, in the United States District Court for the Middle District of Florida, Orlando Division (the "Civil Action"), claiming that the Defendants violated the Fair Labor Standards Act (the "FLSA").

**B.** The Defendants deny that they are liable to Peroza or MJI under the allegations set forth in the Civil Action or any other cause of action that could arise out of Peroza's or MJI's relationship with the Defendants. Peroza acknowledges that the Defendants' settlement of the Civil Action (under the terms described in this Agreement) does not constitute an admission of liability or an admission of any wrongdoing by the Defendants now or at any time;

**C.** The parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims Peroza or MJI may have against the Defendants, whether under the FLSA or otherwise;

**D.** Peroza acknowledges that he has consulted with his attorneys at Shavitz Law Group, P.A., and has been fully informed about the terms and conditions of this Agreement by his attorneys at Shavitz Law Group, P.A. After carefully considering this Agreement, Peroza has elected to participate in the settlement and to execute this Agreement. By executing this Agreement, Peroza understands the terms and conditions of this Agreement, knows that he is giving up important rights, has elected to participate in the settlement, signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Peroza further represents and warrants that he has not relied on any inducements, promises, or representations by Defendants or any other person, other than the terms and conditions set forth in this Agreement. By executing this Agreement, Peroza agrees that his counsel may dismiss with prejudice the Civil Action; and

**E.** The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

**1. Settlement Funds.** Without admitting any liability, the Defendants have offered to pay, and Peroza has agreed to accept from the Defendants, the total sum of $3,900.00 (the

EXHIBIT "A"

"Settlement Payment") in full settlement and satisfaction of any claims Peroza or MJI may have against the Defendants existing prior to the execution of this Agreement (including, but not limited to, claims by Peroza or MJI for attorneys' fees and costs) and shall constitute the only sums to be paid by the Defendants to Peroza or MJI or their attorneys.

**2.     Judicial Approval of Settlement and Dismissal of Civil Action.** Within ten (10) business days after the Defendants receive the last of the fully executed copies of this Agreement, the parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Agreement and dismissal of this action. The parties agree that, at the Defendants' sole option and in Defendants' sole discretion, this Agreement shall be null and void in the event that the Court fails to approve this Agreement.

**3.     Payment of Settlement Funds.**

Within ten (10) business days of the Court's order granting the Parties' Joint Motion for Approval, the Defendants shall pay or cause to be paid the Settlement Payment, which shall be disbursed by checks made payable as follows:

**HECTOR PEROZA:** $750.00 (payable to MJI) in satisfaction of any claims by Peroza or MJI for alleged compensatory damages and all other claims Peroza or MJI may have against Defendants or any of the Released Parties (defined below) in connection with the Civil Action, or otherwise.

**SHAVITZ LAW GROUP, P.A.** $3,150.00 in satisfaction of any claim by Peroza or MJI or their attorneys against Defendants or any of the Released Parties (defined below) for an award of attorneys' fees and costs in connection with the Civil Action

**4.     General Release of Claims.**

In exchange for the settlement described in this Agreement and the Defendants' payment of the Settlement Payment, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Peroza, for himself, MJI, and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges each of the Defendants and their respective past or present employees, managers, directors, shareholders, attorneys, representatives, agents, parents and subsidiaries (as of the date hereof and within the scope of such employment, management, directorship, share ownership, representation, agency, or other relationship to the Defendants) and their successors, assigns, spouses, heirs, executors, and administrators (all collectively, the "Released Parties"), from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, an unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Peroza's or MJI's association with the Released Parties which existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under: (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (ii)

the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iii) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; (iv) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.; or (v) the Florida Civil Rights Act of 1992.

5. **Employee Status.** The parties agree that nothing herein shall constitute an admission that Peroza was an employee of Defendants for purposes of state or federal law. The parties will refrain from taking any legal, administrative, or other actions in connection with the employment status of Peroza.

6. **No Other Suits or Claims.** Peroza represents that neither he nor MJI has any suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against the Defendants or any of the other Released Parties with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board; nor is he aware of any facts that would serve as the basis for any civil or administrative proceeding. By entering into this Agreement, Peroza waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Defendants or the other Released Parties that occurred on or prior to the date Peroza executes this Agreement, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Secretary of Labor, the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Relations or any other govenrment agency. The provisions of this paragraph shall not bar Peroza from filing an action with respect to the enforcement or interpretation of this Agreement, or from participating in any action or proceeding in which he is compelled lawfully to do so pursuant to a court order, subpoena, or force of law. Nothing in this Agreement is intended to prevent Peroza from cooperating in a federal, state or local investigation.

7. **No Right of Employment.** Peroza disclaims and waives any right to future employment with the Defendants, or with any of their related entities, and further agrees not to seek employment with the Defendants, or any of their related entities, now or at any future time. Peroza acknowledges that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to employ them.

8. **Indemnification.** Peroza agrees to indemnify and hold harmless the Defendants from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Payment set forth in paragraph 1, which would not be Defendants' responsibility as an employer. Peroza further agrees to indemnify and hold harmless the Defendants from any claims of any attorney or law firm purporting to represent or to have represented Peroza or MJI in the Civil Action or any matter released by this Agreement . This indemnification includes any attorneys' fees and costs incurred by the Defendants.

9. **Confidentiality and Non-Disparagement.** Peroza agrees that he is to keep the fact of the settlement of this matter, the underlying facts and circumstances of the Civil Action or any other dispute he may have with respect to his or MJI's relationship with Defendants, and the terms of this Agreement confidential. Peroza shall not disclose such information to any person

or party other than his attorneys, financial advisors or immediate members of his family, except as may be required by law and upon notice to Defendants' counsel. If anyone approaches and asks Peroza regarding this matter, he simply shall state "the matter has been resolved," or words substantially to that effect. Peroza shall cause his attorneys, financial advisors and immediate family members to honor this covenant of confidentiality. *The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this confidentiality provision, nor is any disclosure to a judicial or other forum related to enforcement of this Agreement.* Peroza acknowledges that the provisions of this paragraph are an essential condition of this Agreement.

10. **No Admission of Liability.** Peroza understands and agrees that the Defendants admit no liability with respect to the Civil Action or any other claim related to or arising out of his or MJI's association with the Defendants or any other matters. Defendants expressly deny liability for any and all claims asserted by Peroza, and the parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

11. **Enforcement.** Any party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable.

12. **Severability and Survival.** Except for the consideration due under Section 3 of this Agreement, if any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect. In the event that the provision in Section 3 of this Agreement regarding payment to Plaintiff or his counsel shall be held to be void, voidable, unlawful, or for any reason unenforceable, the Defendants agree such amounts may be re-allocated in the sole discretion of Plaintiff and Plaintiff's counsel to render the agreement valid. In no event, shall Defendants pay more than the total settlement value of $3,900.00 to Plaintiff and Plaintiff's counsel.

13. **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, as they are applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

14. **Controlling Law and Venue.** The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the state or federal courts located within Orange County, Florida, over any claims arising under or relating to this Agreement. In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.

15. **Authority and Non-assignment of Claims or Causes of Action.** Peroza warrants and represents that he has made no assignment and covenants that he will make no assignment of the claims, demands or causes of action released herein, except as to payment to his attorneys in the Civil Action of attorney's fees and costs related to the Civil Action. Defendants represent that this Agreement is duly authorized; that the signatory below on behalf

of them has full authority to bind the Defendants to this Agreement; and that Defendants intend to be so bound as a lawful act of Defendants.

16. **Authorship.** All parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

18. **Execution in Counterparts.** The parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile, photocopy, or scanned image of a signature has the full force and effect of an original signature.

19. **Recitals.** The recitals are incorporated by reference.

20. **Entire Agreement.** This Agreement contains the entire agreement between the parties and may be modified only in a writing executed in the same manner as the original Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained herein shall be binding on such party.

NOW, THEREFORE, the parties have executed this Agreement freely and voluntarily, as of the date first above written.

Dated this _13_ day of May, 2011

_____
HECTOR PEROZA, individually and on behalf of
M.J.I. Contractor, Inc.

Affidavit num 1005

STATE OF ~~FLORIDA~~ Puerto Rico )
                              )ss:
COUNTY OF Cayey, P.R. )

Sworn to and subscribed before me this _13_ day of _May_, 2011, by Hector Peroza, who is personally known to me or who has produced _Lic. conducir Florida_ (type of identification) as identification. Num. P622-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

_____
NOTARY PUBLIC, STATE OF FLORIDA
Estudio Legal Soto Matos
Calle 2-D-18 Urb. La Planicie Cayey,
Puerto Rico 00736
Email: soto26@yahoo.com
(Print, Type or Stamp Commissioned Name of Notary Public)

CENTRAL FLORIDA CABLE
COMMUNICATIONS, INC.

By: _Donald J. Gault_
Its: _President_

STATE OF FLORIDA    )
                    )ss:
COUNTY OF _Orange_  )

Sworn to and subscribed before me this _11_ day of _May_, 2011, by _Donald J. Gault_, as _President_ of Central Florida Cable Communications, Inc. who is personally known to me or who has produced _Drivers License_ (type of identification) as identification.

_Rosa Lloyd_
NOTARY PUBLIC, STATE OF FLORIDA

_Rosa Lloyd_
(Print, Type or Stamp Commissioned Name of Notary Public)

_Donald J. Gault_
DONALD J. GAULT

STATE OF FLORIDA    )
                    )ss:
COUNTY OF _Orange_  )

Sworn to and subscribed before me this _11_ day of _May_, 2011, by Donald J. Gault, who is personally known to me or who has produced _Drivers License_ (type of identification) as identification.

_Rosa Lloyd_
NOTARY PUBLIC, STATE OF FLORIDA

_Rosa Lloyd_
(Print, Type or Stamp Commissioned Name of Notary Public)

ROSA LLOYD
Notary Public, State of Florida
My Comm Expires Apr 26, 2014
Commission # DD 985880

ROSA LLOYD
Notary Public - State of Florida
My Comm. Expires Apr 26, 2014
Commission # DD 985880

_____
KEVIN F. GAULT

STATE OF FLORIDA      )
                      )ss:
COUNTY OF Orange      )

Sworn to and subscribed before me this  11  day of  May , 2011, by Kevin F. Gault, who is personally known to me or who has produced  Drivers License  (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
Rosa Lloyd
(Print, Type or Stamp Commissioned Name of Notary Public)

503332981



ROSA LLOYD
Notary Public - State of Florida
My Comm. Expires Apr 26, 2014
Commission # DD 985880